

Peter A. Levy, Esq.
plevy@lawfirm.ms
d. 973-243-7996

New Jersey · New York · Florida
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
t. 973-736-4600 f. 973-325-7467
www.lawfirm.ms

May 6, 2020

***Via ECF Filing and Email***
Hon. Lorna G. Schofield, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 1007

**Re: *USA v. Cohen, Crim. No. 397 Urgent Intervention Requested; Compassionate Care for Mr. Gregory Cohen***

Dear Judge Schofield:

This office represents defendant Gregory Cohen. We write in furtherance of our letter request to the Court submitted this past Friday, May 1, 2020 (Dkt. Entry No. 32). Specifically, we seek to clarify that we not only respectfully request that this Court issue a strong recommendation to the Bureau of Prisons ("BOP") that Mr. Cohen be furloughed for all the reasons set forth in our May 1 letter, but that the Court end Mr. Cohen's incarceration and grant him compassionate release to serve the remainder of his sentence on home confinement.

With regard to Mr. Cohen's request for furlough, we reiterate all arguments and points referenced in our May 1 letter to the Court. Since May 1, Mr. Cohen's conditions have worsened in that he has served additional time in solitary confinement under the false promise of a release. Further, we have been denied access to our client, further exacerbating the cruel and unusual treatment he is enduring currently. When we attempted to reach Mr. Cohen on May 4, we were instructed by the prison staff that attorney calls with inmates would not be permitted. When we requested an explanation from the staff, they refused to speak to us. As such, Mr. Cohen's right to counsel in this critical time is now being denied without explanation.

With respect to Mr. Cohen's request for compassionate release, 18 U.S.C. § 3582(c)(1)(A)(i) permits the Court to modify an imposed term of imprisonment if: (1) 30 days has elapsed from the warden's receipt of a request for a modification of the terms of imprisonment; (2) extraordinary and compelling reasons warrant such a reduction; (3) the Court has taken into account sentencing factors set forth in 18 U.S.C. § 3553; and (4) the reduction is consistent with applicable Sentencing Commission policy statements. Mr. Cohen meets each of these criteria for the reasons set forth below.

First, Mr. Cohen has requested and been denied release by the warden. On March 24, 2020, a Federal Express letter from our office was submitted to Warden James Petrucci in accordance with the instructions and guidelines established by the BOP Program Statement 5059.49, Compassionate Release/Reduction in Sentence: Procedures for Implementation of §18 U.S.C. Section






3582(c)(1)(A). On March 31, 2020 the Warden's Assistant acknowledged receipt of same letter and that the request was being reviewed. Subsequently, we were told that six inmates would go home, and Mr. Cohen was not one of them.

Second, Mr. Cohen has completed fifty percent (50%) of his six (6) month sentence, which he began on February 7, 2020, for his first and only offense, a non-violent financial crime.

Third, he has faced – and continues to face – extraordinarily harsh conditions. The COVID-19 virus threat is very real at the Otisville prison where Mr. Cohen is currently serving his sentence. As referenced in our May 1 letter to the Court and as stated in the enclosed certification of Michele Cohen (Mr. Cohen's wife), prison officials have recognized the spread of the pandemic throughout the facility, leading to the furlough and re-designation of other inmates and the requirement that Mr. Cohen be quarantined before what was to be his furlough release. *See* Certification of Michele Cohen at ¶¶ 4, 5.

Fourth, Mr. Cohen is 51 years old and particularly vulnerable to infection due to an underlying kidney ailment. Perhaps even worse is the mental and psychological toll he has experienced over the last month when he agreed to quarantine in solitary confinement with the expectation that he would be furloughed, only to have that promise broken without explanation. Since, as stated above, we have no way of communicating with Mr. Cohen, we have been unable to obtain a copy of a document that Mr. Cohen signed prior to beginning solitary confinement which purportedly set forth the prison's agreement to release him at the end of a 14-day waiting period.[1]

Fifth, Mr. Cohen has a safe and supportive environment available to him to complete his sentence on home confinement. Michele Cohen has designated an area in the family's home where Mr. Cohen may quarantine for another two (2) weeks, if necessary. Michele Cohen Cert. at ¶ 9.

Based on the foregoing, the enclosed Certification of Michele Cohen and our letter filed on May 1, we respectfully request the Court order a compassionate release in the first instance and, alternatively, to recommend the BOP furlough Mr. Cohen. Thank you in advance for Your Honor's time and consideration.

---

[1] We refer the Court to another similarly-situated defendant (1:16-cr-00776-VEC) who recently made application for release from the Otisville prison. The defendant apparently has been subjected to the same confusion as Mr. Cohen. In response to a letter from defendant's counsel, Magistrate Judge Caproni has ordered the Government to provide the inmate's prison records and the status of the spread of the virus at the prison.






Respectfully submitted,

_s/Peter Levy_____________
Peter Levy

cc: Ryan Finkel, AUSA (via email)
Tara LaMorte, AUSA (via email)