

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 17, 2020

**BY ECF & EMAIL**
Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *United States v. Gregory Cohen*, 19 Cr. 397 (LGS)

Dear Judge Schofield:

The Government respectfully submits this letter in reply to the defendant's letter dated May 15, 2020. In his May 15, 2020 letter the defendant posits that the Court must resolve a "material dispute" regarding what the defendant was told "and understood" about his approximately two week voluntary quarantine in order to resolve the defendant's motion for compassionate release. Not so.

Even assuming the truth of the defendant's allegations—which the Government contests—a § 3582(c) motion is intended only for "the unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner." S. Rep. No. 98-225, at 121 (1983). Section 3582(c) motions are appropriate for individuals who are dying or suffering from a debilitating condition that has dramatically changed the conditions of their confinement. Even if the defendant were, as he claims, promised that after completing a 14-day quarantine he would be released, and he was not, "compassionate release" is not the tool this Court should deploy to compensate the alleged harm. *See id*; *cf. Toliver v. New York City Dep't of Corr.*, 202 F. Supp. 3d 328, 333 (S.D.N.Y. 2016) (Sullivan, J.) (declining to disturb jury's award of nominal damages in § 1983 claim against prison officials for excessive use of force). The defendant is now effectively alleging the Bureau of Prisons breached a contract with him, and he seeks the remedy of specific performance provided that this Court first conduct a fact-finding inquiry and resolve the "material dispute" in his favor. That is not what Congress intended in § 3582(c).

To the extent the Court believes it is necessary to grapple with the different factual presentations by the parties it need look no further the defendant's furlough application, attached as Exhibit C to the Government's May 11, 2020 letter. That document is an "application"—as its title makes plain—and, if the defendant were approved, the application would be signed by prison officials and the approval boxes checked. The defendant characterizes the application document as "confusing," which, first, indicates he cannot carry his burden because he has not argued its plain text supports his allegations; and, second, suggests that the defendant believes his subjective intent need be inquired into and understood by the Court to resolve the pending motion. Dissecting

that document, the defendant's mindset and other surrounding circumstances underscore why a § 3582(c) motion is not the correct legal vehicle to adjudicate the allegations the defendant has made.  The defendant is not terminally ill and has apparently abandoned his initial claim that if he is incarcerated until August, he is more likely to contract COVID-19, and that if he contracts COVID-19 he might, when released in August, pass it to an immunocompromised family member. That claim and, the defendant's current allegations, fail.

      The defendant's motion should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney


By:_____/s/_____
    Ryan B. Finkel
    Tara LaMorte
    Assistant United States Attorneys
    (212) 637-6612 / 1041


cc:      Peter Levy, Esq.
        Damian P. Conforti, Esq.