```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
 UNITED STATES OF AMERICA                                   :
                                                            :   19 Cr. 397 (LGS)
                       -against-                            :
                                                            :   ORDER
 GREGORY COHEN,                                             :
                                            Defendant.     :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Background**

　　WHEREAS, on May 1, 2020, Defendant filed an emergency motion for release from detention on furlough. ECF 32. On May 6, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 35, 36. On May 11, 2020, the Government filed a response in opposition. ECF 37. Both parties have filed additional letters in support of their positions. ECF 40-43. On May 21, 2020, the Government filed Defendant's medical records under seal;

　　WHEREAS, on August 5, 2019, Defendant pleaded guilty to one count of wire fraud. On November 19, 2019, Defendant was sentenced to six-months' incarceration. The Government represents that Defendant's current expected release date is August 2, 2020;

　　WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus. The first COVID-19 case in the State of New York was confirmed on February 29, 2020. *See Coronavirus in N.Y.: Manhattan Woman is First Confirmed Case in State*, at https://www.nytimes.com/2020/03/01/nyregion/new-york-coronvirus-confirmed.html. As of June 1, 2020, there were over 1.8 million confirmed cases in the United States. *See Coronavirus in the U.S.: Latest Map and Case Count*, at

https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed June 1, 2020). Almost 30,000 persons have died in New York of the virus and over 100,000 have died nationwide. *Id*;

**Exhaustion of Administrative Remedies**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, the Government states in its submission that Defendant satisfied his 30-day waiting period as of May 14, 2020. ECF 37 at 3-4. Accordingly, the Court may decide the motion on the merits;

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that the Court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances.  Defendant is fifty-one years old and represents that he suffers from a particular underlying medical ailment (which is not identified here for privacy reasons).  The medical records do not establish that he is suffering from a serious physical or medical condition due to this identified ailment.  Despite a single reference in his medical records, Defendant is not being tested, treated or monitored for such ailment, nor does he report any health complaints associated with it.  While courts have recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19," *see United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020), Defendant's medical profile does not indicate that he is at a heightened risk at this time due to any medical issues.

**Request for Furlough**

WHEREAS, 18 U.S.C. § 3622 states that

> [t]he Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed . . . if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to . . . [engage in one of a series of specifically listed activities].

18 U.S.C. § 3622.  This provision gives discretion to the Bureau of Prisons to make furlough determinations, not to the court.  *See United States v. Roberts*, 18 Crim. 528, 2020 WL 1700032,

at *3 (S.D.N.Y. Apr. 8, 2020) (collecting cases, and stating that "the decision whether to grant [a prisoner] furlough under Section 3622 is committed to sole discretion of the [Bureau of Prisons]"). It is hereby

**ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED. Defendant's emergency motion for release from detention on furlough is also DENIED.

Dated: June 2, 2020
    New York, New York

　　　　　　　　　　　　　　　　　　LORNA G. SCHOFIELD
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE